UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JODI BEARDEN                                                                                                    PLAINTIFF

v.                                            No. 2:19-CV-02140

BROWN & ROOT CONTRACTORS, et al.                                                        DEFENDANTS

## OPINION AND ORDER

Before the Court are two pending motions. Defendants have filed a motion (Doc. 25) to set aside the default entered against them under Federal Rule of Civil Procedure 55(a) for their failure to answer or respond to the complaint. Separately, the parties have jointly filed a motion (Doc. 26) to stay this case pending arbitration.

A default may be set aside for good cause. Fed. R. Civ. P. 55(c). Courts considering whether good cause exists "generally consider 'whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused.'" *Grant v. City of Blytheville, Arkansas*, 841 F.3d 767, 772 (8th Cir. 2016) (quoting *Johnson v. Dayton Elect. Mfg. Co.*, 140 F.3d 781, 784 (8th Cir. 1998). Defendants' motion to set aside default makes no attempt to argue that these factors weigh in favor of setting aside default. It is likely that a sua sponte analysis of these factors based on the exhibits and representations of the parties and the procedural posture of the case would result in default being set aside. However, because the Court will order the parties to engage in the arbitration to which they have agreed and will dismiss the case, whether or not the default is set aside is immaterial. The motion will be denied as moot.

The joint motion to order arbitration and stay this matter pending its resolution represents that all parties have agreed that Plaintiff is obligated to submit her claims to binding arbitration,

1

and the parties have agreed to do so. (Doc. 26, p. 2, ¶ 3). The parties collectively request that the Court order this action to arbitration. The Court will do so.

Because the parties agree that all of Plaintiff's claims must be submitted to binding arbitration, there is nothing left to resolve in this lawsuit. (An action to enforce or vacate an arbitration award is a separate claim.) The Court will exercise its discretion to dismiss this matter because the weight of authority supports dismissal of the action. *See Green v. SuperShuttle Int'l, Inc.*, 653 F.3d 766, 769-70 (8th Cir. 2011) (holding that under a judicially-created exception to section 3 of the Federal Arbitration Act, a court may, in its discretion, dismiss an action in favor of arbitration where it is clear that the entire controversy will be resolved by arbitration); *see also Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709-10 (4th Cir. 2001); *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1163 (5th Cir. 1992); *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988).

IT IS THEREFORE ORDERED that the joint motion (Doc. 26) is GRANTED IN PART and DENIED IN PART. The motion is GRANTED insofar as the parties are ORDERED to submit this case to binding arbitration in accordance with the mandatory dispute resolution program set out in Plaintiff's employment agreement with Brown & Root Industrial Services, LLC and their representations (Doc. 26) to the Court. The motion is otherwise DENIED, and no stay is entered.

IT IS FURTHER ORDERED that this matter is DISMISSED WITHOUT PREJUDICE, and the unopposed motion (Doc. 25) to set aside default is DENIED AS MOOT.

IT IS SO ORDERED this 21st day of February, 2020.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE